IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    CASE NO.: 1:11-CV-00234-SPM-GRJ

JEFFREY D. WILLIAMS,

    Defendant.
_____/

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court on Plaintiff's Motion for Summary Judgment. (Doc. 14). Plaintiff brought this action pursuant to Federal Rule of Civil Procedure 56 on the ground that there is no genuine dispute as to any material fact and judgment should be granted as a matter of law. The United States seeks judgment for Defendant's assessed federal income tax liabilities for the 2000 tax year.

**I.    UNDISPUTED[1] BACKGROUND FACTS**

Jeffrey D. Williams ("Defendant"), a taxpayer who is delinquent on his

---

[1] Many of the facts set forth in this section are deemed to be admitted by operation of Federal Rule of Civil Procedure 36, resulting from Defendant's failure to respond to Plaintiff's First Requests for Admission to Williams dated April 27, 2012. (Doc. 15 Ex. C).

payment of taxes to the United States of America ("Plaintiff"), was an agricultural produce salesperson who also traded stock in the pursuit of gain or investment for his personal accounts. (Doc. 15 ¶ 9, 10).

As a result of Defendant's failure to file a federal income tax return for the 2000 tax year, the IRS calculated a tax assessment for such tax year pursuant to Certificate of Assessments, Payments, and Other Specified Matters. (Doc. 15 ¶ 1); (Doc. 15 Ex. A). The IRS generated this assessment of Defendant's tax liability by virtue of information it received from brokerage firms with which Defendant traded stock in the 2000 tax year. (Doc. 15 ¶ 5). A summary[2] of this assessment is reproduced as follows:

| Assessment Date | Amount | Type of Assessment |
|---|---|---|
| 3/15/2004 | $ 2,192.40 | Estimated tax penalty |
| 3/15/2004 | $ 9,235.00 | Late filing penalty |
| 3/15/2004 | $ 41,045.00 | Tax |
| 3/15/2004 | $ 8,593.75 | Interest |
| 3/15/2004 | $ 7,007.87 | Failure to pay tax penalty |
| 11/1/2004 | $ 40.00 | Fees and collection costs |
| 5/30/2005 | $ 20.00 | Fees and collection costs |
| 10/24/2005 | $ 3,003.38 | Failure to pay tax penalty |
| **Balance Due** | **$ 80,591.49** | |

---

[2] The Court is aware that the sum of the values in the "Amount" column does not equal $ 80,591.49. The discrepancy was attributed to statutory interest due as of 6/30/2012 in Plaintiff's motion, which was calculated as an amount equal to $ 9,454.09. (Doc. 15 ¶ 2).

(Doc. 15 ¶ 2). Subsequent to generating this assessment, the IRS issued a notice and demand for the assessments described above to Defendant. Defendant failed to pay the amounts assessed against him to the IRS. (Doc. 15 ¶ 3, 4).

In February 2007, Defendant filed his tax return for the 2000 tax year with the IRS. This tax return showed that Defendant owed a tax liability of $ 88,220. (Doc. 15 Ex. B ¶ 10). This tax return revealed that, during calendar year 2000, Defendant sold real property located in Chiefland, Florida for a sales price of $650,000. Defendant acquired this Chiefland property in 1993 for $198,700. (Doc. 15 ¶ 17, 18). Therefore, as a result of the sale of this real property, Defendant realized a long-term capital gain of $451,300 in the 2000 tax year. (Doc. 15 ¶ 17). However, consistent with his failure to report income taxes due in 2000, Defendant did not report to the IRS the receipt of the proceeds from this sale of real estate, as is required by the IRS. (Doc. 15 Ex. B¶ 11).

## II. DISCUSSION

### (a) Standard of Review

Summary judgment will be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant made this showing, the Court must view the evidence and factual inferences arising from it in the light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144,

157 (1970)). Accordingly, "if reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust v. Fidelity & Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

**(b) Defendant's Income Tax Liability**

Generally, an assessment of tax by the IRS is entitled to a presumption of correctness, and the burden of proof is on the taxpayer to prove by a preponderance of evidence that the determination made by the IRS was incorrect. *Bone v. Comm'r*, 324 F.3d 1289, 1293 (11th Cir. 2003). This presumption and accompanying burden is usually justified on the basis of the government's strong interest in maintaining the validity of its tax assessments. The court in *Olster v. Comm'r* succinctly discussed the analysis of tax assessments as follows:

> It is undisputed that the government has a strong interest in maintaining the validity of its tax assessments. The compelling nature of this interest, however, does not mean that the government is entitled to "calculate its assessment in any manner its agents choose." *Thomas v. U.S.*, 531 F.2d 746 (5th Cir. 1976). Absent a finding that the computational methods used, and therefore the assessment, was arbitrary and without foundation, the tax deficiency is presumptively correct. *Sailor v. U.S.*, 343 F.Supp. 1279, 1280 (W.D. Ky. 1971). *The taxpayer has the burden of proving that the computational method used is arbitrary and without foundation*. *Mersel v. United States*, 420 F.2d 517 (5th Cir. 1970)."

*Olster v. Comm'r*, 751 F.2d 1168, 1174 (11th Cir. 1985) (emphasis added).

The Court has before it two indicia from which to discern any challenge to the

presumptive correctness of the IRS assessment in the instant case. First, the Court has Defendant's Answer in which he argues that the IRS assessments are improperly calculated primarily because the IRS failed to take into account Defendant's basis in stocks sold in the 2000 tax year. (Doc. 5 ¶ 7-10). However, Defendant failed to admit any evidence to substantiate this allegation.

Second, the Court has Defendant's tax return which includes information that was unavailable to the IRS at the time of the assessment. This tax return shows Defendant has a self-reported tax liability of $88,220. (Doc. 15 Ex. B Ex. 1). The tax liability reported by Defendant was significantly greater than the tax liability of approximately $80,591 assessed by the IRS. (Doc. 15 ¶ 2).

Taking into consideration the evidence available to the Court, it is evident that Defendant has failed to adequately establish that the IRS assessment of taxes was arbitrary and without foundation. Mere proof that the tax liability calculated for the IRS assessment was different than the tax liability calculated in Defendant's tax return does not rise to the level of proving that the IRS' computation of the assessment was arbitrary and without foundation.

Given the paucity of evidence offered by Defendant, the Court is unable to conclude based on the preponderance of evidence that the Plaintiff's computational methods are arbitrary and without foundation. Therefore, Defendant has failed to overcome his burden of proof and the Plaintiff is entitled to summary judgment. The Court finds Defendant liable for federal income taxes as alleged by Plaintiff.

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment (Doc. 14) is **granted**.

DONE AND ORDERED this 20th day of November, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge